| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | NOT FOR PUBLICATION |
|---|---|
| NIXZALIZ SANTIAGO,<br><br>         Petitioner,<br><br>– against –<br><br>SABINA KAPLAN, Superintendent,<br><br>         Respondent. | **MEMORANDUM & ORDER**<br><br>13-CV-00218 (ERK) (LB) |

KORMAN, J.:

  I assume familiarity with the circumstances of this case. Briefly, Nixzaliz Santiago was convicted of manslaughter in the first degree, two counts of assault in the second degree, unlawful imprisonment in the second degree, and endangering the welfare of a child in relation to the death of her seven year old daughter, Nixzmary Brown. Santiago's husband, Cesar Rodriguez, was separately tried and convicted. On November 12, 2008, Santiago was sentenced to consecutive terms of imprisonment of twenty-five years for manslaughter, seven years for each assault, one and one-third to four years for unlawful imprisonment, and one year for endangering the welfare of a child. On August 23, 2011, the Appellate Division modified the judgment by vacating the conviction of assault in the second degree as charged in the fourth count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment. *People v Santiago*, 928 N.Y.S.2d 602 (N.Y. App. Div. 2011). The Appellate Division affirmed the judgment as modified. *Id.*

1

I

In her petition for a writ of habeas corpus, Santiago raises two challenges to the sufficiency of the evidence.[1] In order to prevail under a sufficiency of the evidence argument in a habeas proceeding, the petitioner "bears a very heavy burden." *Einaugler v. Supreme Court*, 109 F.3d 836, 840 (2d Cir. 1997). In assessing such cases, the reviewing court must decide whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). "What is more, a federal court may not overturn a state court decision rejecting a sufficiency of the evidence challenge simply because the federal court disagrees with the state court. The federal court instead may do so only if the state court decision was 'objectively unreasonable.'" *Cavazos v. Smith*, 132 S.Ct. 2, 4 (2011).

First, Santiago argues that the manslaughter in the first degree conviction should be reversed because the prosecution failed to prove that "[b]eing eighteen years old or more and with intent to cause physical injury to a person less than eleven years old, [Santiago] recklessly engage[d] in conduct which create[d] a grave risk of serious physical injury to such person and thereby cause[d] the death of such person." P.L. § 125.20(4). Specifically, Santiago argued that the prosecution did not establish that she had "the intent to cause physical injury." *Id*.

"Often there is no direct evidence of a defendant's mental state and the jury must infer the mens rea circumstantially from the surrounding facts." *People v Smith*, 79 N.Y.2d 309, 315 (N.Y. 1992). Moreover, a defendant's intent to cause physical injury may be inferred from the defendant's "community of purpose" with another to engage in a criminal course of conduct.

---

[1] Santiago raises an additional evidentiary challenge to her conviction of assault in the second degree as charged in the fourth count of the indictment, which was vacated by the Appellate Division and is therefore moot. *See People v Santiago*, 928 N.Y.S.2d 602 (N.Y. App. Div. 2011).

*People v. Cabey*, 85 N.Y.2d 417, 421 (N.Y. 1995) (quoting *People v Allah*, 71 N.Y.2d 830, 832 (N.Y. 1988). As applied to this case, the defendant's intent to cause physical injury can be readily inferred from the defendant's community of purpose with her husband to engage in a course of extreme child abuse which ultimately led to Nixzmary's death. Santiago's own oral and videotaped statements indicated a history of child abuse. Specifically, Santiago stated that Rodriguez had repeatedly beaten Nixzmary and caused visible injuries; that Nixzmary was kept in a room separate from the other children and sometimes was tied or taped to a chair; and that in November 2005, Santiago pushed Nixzmary to the floor, causing a cut to her forehead which required stitches. More significantly, Santiago also admitted that between January 10, 2006 and January 11, 2006, she told her already enraged husband that Nixzmary had broken his printer, and encouraged him to question her. Rodriguez hit Nixzmary, carried her to the bathtub, took off her clothes, and held her head under cold water. Santiago heard "like loud banging [noises]" and the sound of Nixzmary crying coming from the bathroom, [Valentin 873,] and then saw Rodriguez take Nixzmary out of the bathroom and place her naked onto a bedroom floor. Santiago "heard [her] daughter moaning as if she was in pain," but was busy attending to her other children and left Nixzmary alone "laying down, still naked on the floor," for two to three hours before checking on her. [Valentin 873.] Although Santiago stated that she then tried to warm Nixzmary by dressing her and placing her next to a heater, she again left Nixzmary without summoning medical assistance or rendering any other aid. Based on the estimated time of death, Santiago left her daughter lying dead on the floor for approximately twelve hours before contacting a neighbor. [Sampson: 523, 527, 728, 724-25; Valentin: 882.] Under these circumstances, the Appellate Division reasonably applied the principles underlying the *Jackson* standard, concluding that the evidence at trial, viewed in the light most favorable to the

prosecution, "was legally sufficient to establish the defendant's guilt of manslaughter in the first degree beyond a reasonable doubt." *Santiago*, 928 N.Y.S.2d at 604.[2]

Second, Santiago contends that the forehead injury assault conviction should be reversed because a .5 inch laceration requiring three stiches did not constitute "serious physical injury." A "serious physical injury" is one which "creates a substantial risk of death, or which causes death or serious and protracted disfigurement, protracted impairment of health or protracted loss or impairment of the function of any bodily organ." P.L. § 10.00(10). The New York Court of Appeals has further defined serious disfigurement as "when a reasonable observer would find the victim's altered appearance distressing or objectionable." *People v. McKinnon*, 15 N.Y.3d 311, 311 (N.Y. 2010). In the present case, the Appellate Division determined that Nixzmary's forehead injury constituted a "serious physical injury" because there was evidence that it resulted in "protracted disfigurement." *Santiago*, 928 N.Y.S.2d at 604. In particular, Santiago stated that the wound required suturing and, without further treatment, became infected and "got so ugly" that it caused Nixmary's face to swell. *Id.* The autopsy photographs also showed that the laceration was still clearly visible and unhealed at the time of Nixmary's death, six weeks after the injury. *Id.* Under these circumstances, the Appellate Division reasonably concluded that "given this evidence, and especially considering the prominent location of the wound on the face of a young girl, it is apparent that had the child lived, the injury would have resulted in a readily observable protracted disfigurement, and thus it constituted a serious injury within the context of the crime of assault in the second degree." *Id.* at 604-05; *see also People v. Gagliardo*, 724 N.Y.S.2d 919 (N.Y. App. Div. 2001) (serious physical injury when the lacerations required suturing and resulted in permanent scarring).

---

[2] Even if the evidence was insufficient to establish the defendant's guilt of manslaughter in the first degree, she would still be guilty of the lesser included offense of criminally negligent homicide. P.L. § 125.10; *People v. Hellinger*, 96 N.Y.2d 462 (N.Y. 2001).

4

II

Santiago also argues that the prosecution failed to provide fair notice of the assault charges or to ensure that she was tried for the specific acts charged by the grand jury. The Appellate Division held that Santiago's remaining contentions, including these claims, were without merit. *Santiago*, 928 N.Y.S.2d at 605.

First, Santiago received adequate notice of the second degree assault charge. Count five of the indictment stated: "the defendant, on or about and between November 1, 2005 and December 31, 2005 in the County of Kings, being eighteen years old or more, with intent to cause physical injury to a person less than eleven years old namely: Nixzmary Brown, recklessly caused serious physical injury to Nixzmary Brown." In the March 21, 2006 bill of particulars, the prosecution further alleged that, "on or about and between January 1, 2005 and January 11, 2006, in the County of Kings the defendant … threw Nixzmary Brown onto the floor." [Respondent's Exhibit M at 5.] The prosecution appended a police report detailing Santiago's statements to the police, including that "One time I hit my daughter and I pushed her and she fell and got a bruise above her eye. She got a black eye because of this, but it was the first time." [Respondent's Exhibit L at 2.] Moreover, in the April 17, 2008 supplemental bill of particulars, the prosecution further alleged "that on or about and between November 1, 2005 and January 11, 2006, in the County of Kings, the defendant pushed or threw Nixzmary Brown on the floor and caused her to sustain physical injury." [Respondent's Exhibit N at 3-4.] Under these circumstances, Santiago received sufficient notice of the "core of criminality to be proven at trial," *United States v. Wozniak*, 126 F.3d 105, 110 (2d Cir. 1997), and the Appellate Division's ruling to that affect was not contrary to, and does not involve an unreasonable application of, clearly established federal law as determined by the Supreme Court. *See* 28 U.S.C. § 2254(d); *Williams v. Taylor*, 529 U.S. 362, 403-04 (2000).

Second, while Santiago argues that the prosecution failed to ensure that she was tried for the specific acts charged by the grand jury, there is no federal constitutional right to a grand jury in a state criminal proceeding. *LanFranco v. Murray*, 313 F.3d 112, 118 (2d Cir. 2002); *see also Lopez v. Riley*, 865 F.2d 30, 32 (2d Cir. 1989) (relying on *United States v. Mechanik*, 475 U.S. 66 (1986)). Because Santiago was not entitled to be indicted by a grand jury, she may not raise a federal habeas corpus claim based on any deviation from the indictment provided that she received sufficient notice of the charges against her.

III

Finally, Santiago challenges her sentence on the grounds that her Fifth and Fourteenth Amendment due process rights were violated by illegal and excessive consecutive sentences. Specifically, she argues that the trial court erred by running the sentences for assault consecutively to that for manslaughter because the assaults were allegedly part of the child abuse syndrome offered by the prosecution as a cause of death. She also raises, for the first time, a claim that her allegedly excessive sentence violated the Eighth Amendment prohibition against cruel and unusual punishment. The Appellate Division held that the trial court had "properly imposed consecutive sentences on the manslaughter and the assault convictions," *Santiago*, 928 N.Y.S.2d at 605 (citing New York Penal Law § 70.25; *People v. McKnight*, 16 N.Y.3d 43 (N.Y. 2010)), and that the "remaining sentences imposed are not excessive," *Id.* (citing *People v. Thompson*, 60 N.Y.2d 513, 519 (N.Y. 1983); *People v. Suitte*, 455 N.Y.S.2d 675 (N.Y. App. Div. 1982)).

Santiago's Fifth and Fourteenth Amendment due process claims are not cognizable on federal habeas corpus review. "No federal constitutional issue is presented where ... the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *see also United States v. McLean*, 287 F.3d 127, 136 (2d Cir. 2002) (internal quotation

omitted) ("there is no constitutionally cognizable right to concurrent, rather than consecutive, sentences"). Santiago's sentence does not "prescrib[e] greater punishment than the legislature intended," *Missouri v. Hunter*, 459 U.S. 359, 366 (1983), because New York Law provides for consecutive sentences as long as the offenses were not "committed through a single act or omission, or through an act or omission which in itself constituted one of the offenses and also was a material element of the other," N.Y. Penal Law § 70.25(2). The ability to punish the assault and manslaughter counts separately is within the legal scheme of New York Law, and the question of how to construe the evidence is an issue for the trial court to decide. *Tunick v. Safir*, 209 F.3d 67, 76 (2d Cir. 2000).

In this case, the trial court found, and the parties agreed, that there was a reasonable view of the evidence from which the jury could find that the charged assaults were "not part of . . . the ultimate homicide." [1468-69.] The trial judge also submitted the assault counts to the jury because each count "would be a totally separate injury on a separate occasion." [1469-70.] Based on this determination, it was within the trial court's discretion to impose consecutive sentences and this court cannot reexamine the issue. *See Carvajal v. Artus*, 633 F.3d 95, 107 (2d Cir. 2011) ("[i]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."); *see also Figueroa v. Grenier*, 2005 WL 249001, at *15 (S.D.N.Y. Feb. 3, 2005) (Whether sentences can be consecutive is "purely a matter of state law and [is] not cognizable on habeas review."); *Joseph v. Racette*, 2014 WL 1426255 (E.D.N.Y. April 14, 2014); *Davis v. Herbert*, 2003 WL 23185747, at *15 (E.D.N.Y. Oct. 24, 2003) ("[w]hether the sentence could be consecutive was a matter of state law and raises no Constitutional issue").

Santiago's sentence after the judgment of conviction was modified by the Appellate Division came to a total of 33 and one third to 36 years. She argues that this sentence violated

the Eighth Amendment. This claim does not provide grounds for habeas corpus relief because Santiago did not raise this claim on appeal. Consequently, she failed to exhaust the available remedies. *See McCleskey v. Zant*, 499 U.S. 467 (1991); *Rose v. Lundy*, 455 U.S. 509 (1982). Moreover, "New York law requires a state court to deny a collateral attack on a state conviction where the defendant unjustifiably failed to raise the claim on direct review despite a sufficient record." Gordon Mehler, John Gleeson, & David C. James, *Federal Criminal Practice: A Second Circuit Handbook*, § 22-4(c)(3) at 392 (14th ed. 2014); *see also Sweet v. Bennett*, 353 F.3d 135, 140 (2d Cir. 2003). Under these circumstances, the claim is not only unexhausted, it is also procedurally forfeited. In any event, the Appellate Division held that the sentence was not excessive, exercising a discretionary standard of review that is not dependent on a finding that the sentence rose to the level of an Eighth Amendment violation.

## CONCLUSION

The petition for writ of habeas corpus is DENIED. I decline to issue a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
July 24, 2014 /s/
Edward R. Korman
Senior United States District Judge